FOURTH DIVISION

SEPTEMBER 30, 1999

No. 1-98-3062

COLONIAL FUNDING, L.L.C., ) APPEAL FROM THE

an Illinois Limited Liability ) CIRCUIT COURT OF

Company, ) COOK COUNTY

)

Plaintiff-Appellant, )

)

v. ) No. 97 L 11962

)

AMERICAN EMPIRE SURPLUS LINES )

INSURANCE COMPANY, a Delaware ) HONORABLE

corporation, ) LEE PRESTON,

) JUDGE PRESIDING.

Defendant-Appellee. )

JUSTICE HALL delivered the opinion of the court:

Plaintiff, Colonial Funding, L.L.C. (Colonial), appeals from the dismissal with prejudice of its verified complaint for conversion of insurance proceeds.  For the reasons that follow, we affirm.

The following facts are relevant to this appeal.

On June 6, 1994, Colonial entered into a factoring agreement with Chemicals Trading, Inc. (Chemicals Trading).  Pursuant to the agreement, Colonial held a first priority security interest in all of Chemicals Trading's inventory and equipment, including any proceeds or products thereof.  Colonial filed the necessary Uniform Commercial Code (810 ILCS 5/1-101 
et seq.
 (West 1996)) forms and properly recorded the security interest with the Illinois Secretary of State on July 6, 1994.

On February 25, 1995, a fire occurred at Chemicals Trading's warehouse, resulting in the loss of equipment and inventory.  At the time of the fire, Chemicals Trading had an insurance policy with American Empire Surplus Lines Insurance Company (American), insuring the equipment and inventory covered by Colonial's perfected security interest against fire loss.  Colonial was not named as an additional insured or a loss payee on the policy.  In May or June 1995, American issued a $100,000 check to its insured, Chemicals Trading, as partial payment of the insurance proceeds due as a result of the fire loss claim. 

After the $100,000 partial payment was made to Chemicals Trading, Colonial learned of the existence of the American insurance policy.   On September 22, 1997, Colonial made a demand upon American for $97,245.29, the amount remaining due and owing to it out of the $100,000 in insurance proceeds paid to Chemicals Trading.   American refused this demand. 

Colonial filed a complaint for conversion alleging that, as a secured creditor with a perfected security interest in Chemicals Trading's equipment and inventory and the proceeds thereof, Colonial had an automatic right to receive all insurance settlements paid on losses to Chemicals Trading's inventory and equipment.  American filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1996)).  On May 11, 1998, the circuit court entered an order striking the complaint but granting Colonial leave to file an amended complaint.  Colonial elected to stand on its original complaint.  On July 22, 1998, the circuit court entered an order dismissing Colonial's complaint with prejudice.  

On appeal plaintiff contends that the circuit court erred in dismissing its complaint for failure to state a cause of action for conversion.

A section 2-615 motion attacks the sufficiency of a complaint and raises the question whether the complaint states a cause of action upon which relief may be granted.  
Grund v. Donegan
, 298 Ill. App. 3d 1034, 700 N.E.2d 157 (1998).  When ruling on a section 2-615 motion to dismiss, the court must accept as true all well-pleaded facts and must construe all reasonable inferences therefrom in the light most favorable to the plaintiff.  
Bryson v. News American Publications, Inc.
, 174 Ill. 2d 77, 672 N.E.2d 1207 (1996).  
A complaint should not be dismissed unless it is clear that the plaintiff can prove no set of facts that would entitle him to recovery.  
Roderick Development Investment Co. v. Community Bank
, 282 Ill. App. 3d 1052, 668 N.E.2d 1129 (1996).  This court will review a dismissal of a complaint pursuant to section 2-615 
de novo
.  
Brown Leasing, Inc. v. Stone
, 284 Ill. App. 3d 1035, 673 N.E.2d 430 (1996).

A conversion is any unauthorized act that deprives a person of his or her property permanently or for an indefinite time.  
In re Thebus
, 108 Ill. 2d 255, 483 N.E.2d 1258 (1985).  The essence of conversion is the wrongful deprivation of one who has a right to immediate possession of the object unlawfully held.  
Roderick Development Investment
, 282 Ill. App. 3d at 1057.  To state a cause of action for conversion, a plaintiff must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property.  
Roderick Development Investment
, 282 Ill. App. 3d at 1057;  
Fonda v. General Casualty Co.
, 279 Ill. App. 3d 894, 665 N.E.2d 439 (1996).

  Colonial contends that it has pled facts sufficient to fulfill each of these pleading requirements.  Specifically, Colonial contends that, as a secured party with a perfected security interest, it had an automatic right to direct payment of the insurance proceeds from American, pursuant to section 9-

306(1) of the Uniform Commercial Code (the UCC)(810 ILCS 5/9-

306(1)(West 1996)).  Section 9-306(1) provides in pertinent part:

"'Proceeds' includes whatever is received upon the sale, exchange, collection or other disposition of 

collateral or proceeds.  Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a 

party to the security agreement." 810 ILCS 5/9- 

306(1)(West 1996).

This case is controlled by 
Fonda v. General Casualty Co.
, 279 Ill. App. 3d 894, 665 N.E.2d 439 (1996), where the first district found that a secured party was entitled to direct payment of insurance proceeds from an insurer where the insurer had actual notice of the security interest prior to paying out the proceeds.

In 
Fonda
, the plaintiff held a perfected security interest in the contents of a grocery store.  On December 2, 1983, the grocery store was destroyed by fire.  On March 16, 1984, the plaintiff's attorney sent a letter to the insurance carrier advising it of plaintiff's security interest.  On March 17, 1984, the defendant added the plaintiff as a loss payee on the policy.  On May 1, 1984, the defendant paid $27,100.67 in insurance proceeds as a result of the fire loss directly to its insured (the plaintiff's debtor).  On September 22, 1987, the plaintiff made a demand on the defendant for the insurance proceeds.  Defendant refused and plaintiff filed a cause of action for conversion.

The court noted in 
Fonda
 that, under section 9-306(1), an insurance settlement becomes proceeds when it becomes "payable," not upon receipt by the debtor.  Therefore, the plaintiff had a right to immediate possession of the proceeds through section 9-

306(1).  However, as part of its right to immediate possession the plaintiff had to show that the defendant had sufficient notice of the plaintiff's security interest prior to paying out the proceeds.  
Fonda
, 279 Ill. App. 3d at 905.   The court found that the defendant had actual notice of the plaintiff's security interest prior to paying out the proceeds by virtue of the March 16, 1984, letter sent by the plaintiff's attorney.  The court concluded that the defendant had wrongfully exerted control over the plaintiff's property by improperly distributing the proceeds to the plaintiff's debtor, when the plaintiff held a security interest in the proceeds and defendant had actual notice of that security interest when it paid out the proceeds.

In the present case, Colonial has failed to allege sufficient facts to show that American had adequate notice of Colonial's security interest prior to paying out the proceeds.  Colonial admits that it did not give American actual notice of the security interest until after the complained-of payment was made.  

Colonial suggests that American had sufficient notice of the security interest because it had constructive notice through Colonial's UCC filing.  Colonial asks this court to find that constructive notice is adequate notice of a security interest to subject an insurer to a cause of action for conversion under these facts.  Nothing in the UCC supports this proposition.  Further, no Illinois case law supports this proposition.  Finally, other states that have addressed this issue have expressly rejected plaintiff's proposition.  See 
Fidelity Financial Services v. Blaser
, 889 P.2d 268 (Okla. 1995); 
Schofield Brothers, Inc. v. State Farm Mutual Automobile Insurance Co.
, 242 Kan. 848, 752 P.2d 661 (1988); 
Chrysler Credit Corp. v. Smith
, 434 Pa. Super. 429, 643 A.2d 1098 (1994); 
International Harvestor Credit Corp. v. Valdez
, 42 Wash. App. 189, 709 P.2d 1233 (1985).  

We find that Colonial has failed to state a cause of action for conversion  because it has failed to allege sufficient facts to establish its immediate right to direct payment of the insurance proceeds from the debtor's insurance carrier.

We find Colonial's argument that dismissal of this complaint is tantamount to depriving it of its constitutional right to a remedy to be without merit.  Section 9-306(2) provides that a security interest continues "in any identifiable proceeds including collections received by the debtor."  810 ILCS 5/9-

306(2) (West 1996).  Thus, Colonial still has a remedy.  Colonial can bring an action to collect the insurance proceeds from Chemicals Trading.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOURIHANE and SOUTH, JJ., concur.